# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors | Chapter 11<br><br>Case No. 18-10512 (KBO) |
| Lynn Tilton, *et. al.*,<br><br>　　　　　　　　　　Appellants,<br><br>　　　　v.<br><br>Zohar III, Corp., *et. al.*<br><br>　　　　　　　　　　Appellees. | Case No. 19-1874 (MN) |

## MOTION OF MBIA INSURANCE CORPORATION FOR LEAVE TO INTERVENE AS APPELLEE PURSUANT TO RULE 8013(g) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

MBIA Insurance Corporation ("MBIA") hereby submits this motion (the "Motion"), pursuant to Rule 8013(g) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order[2] granting MBIA leave to intervene as an appellee in the above-captioned appeal (the "Appeal") initiated by Lynn Tilton ("Tilton") and certain affiliated entities (together with Tilton, "Appellants"). In support of this Motion, MBIA submits the Declaration of Jonathan M. Hoff, submitted contemporaneously herewith (the "Hoff Declaration"), and respectfully states:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number, are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Bankruptcy Rule 8013 provides, with respect to a motion for intervention, "[u]nless the court orders otherwise, a notice of motion or a proposed order is not required." Fed. R. Bankr. P. 8013(a)(2)(D). Accordingly, MBIA has not submitted a proposed order or notice with the Motion.

## BACKGROUND

A.   General Background

1.   The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are collateralized loan obligation funds whose primary assets are loans to and equity interests in portfolio companies (collectively, the "Portfolio Companies"). The Debtors raised capital by issuing notes to noteholders who, in exchange for purchasing the notes, are entitled to interest payments and, upon maturity, return of principal. Pursuant to their respective trust indentures (each, an "Indenture" and, collectively, the "Indentures"), the Debtors each granted a lien on all of their property (the "Collateral") to U.S. Bank, as trustee under the Indentures (the "Trustee"), for the benefit of the Debtors' respective noteholders.

2.   MBIA is a monoline insurance company that acted as the "Credit Enhancer" to Debtors Zohar CDO 2003-1, Limited ("Zohar I") and Zohar II 2005-1, Ltd. ("Zohar II") through the issuance of financial guaranty insurance policies (the "Policies") for the benefit of the holders of certain senior "A" Notes in Zohar I and Zohar II. The Policies guaranteed that scheduled interest and principal would be paid to the insured noteholders by MBIA if Zohar I or Zohar II defaulted. Upon the respective defaults by Zohar I and Zohar II, MBIA paid approximately $149 million in claims on the Zohar I Policy in November 2015 and approximately $770 million in claims on the Zohar II Policy in January 2017. As a result of the defaults and consequential payments, MBIA was subrogated to the rights of the insured "A" noteholders of Zohar I and Zohar II. Accordingly, MBIA is the senior secured creditor of Zohar I and Zohar II and the Debtors' single largest creditor.

B.   The Chapter 11 Cases

3.   On March 11, 2018 (the "Petition Date"), Tilton — as the then-sole director of the Debtors — caused each of the Debtors to file a voluntary petition for relief

(collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On April 5, 2018, the Bankruptcy Court appointed Judge Kevin Gross of the Bankruptcy Court (the "Mediator")[3] to mediate the parties' various disputes, and the parties commenced confidential and privileged mediation discussions on April 16, 2018. See Hoff Decl. Ex. 1 (Bankruptcy Docket No. 143).[4] As a result of the mediation, the parties entered into a settlement agreement (the "Settlement Agreement")[5] by and among: (i) the Debtors; (ii) Tilton; (iii) the Patriarch Stakeholders (as defined in the Settlement Agreement); (iv) MBIA; and (v) Halcyon Capital Management LP3, Cooperatieve Rabobank U.A., New York Branch, STS Master Fund, Ltd, SBF Opportunities Master Fund, Ltd, and Candlewood Structured Credit Harvest Master Fund, LTD (collectively, the "Zohar III Controlling Class").[6]

5. In pertinent part, the Settlement Agreement provided two essential benefits to MBIA and the Debtors' other senior secured creditors, to which each of the relevant parties had agreed: (1) independent governance of the Debtors via the appointment of Joseph J.

---

[3] Judge Gross resigned as the Mediator on or about August 29, 2019. The current Mediator is Judge Christopher S. Sontchi also of the Delaware Bankruptcy Court. See Hoff Decl. Ex. 2 (Bankruptcy Docket No. 890).

[4] All references to the Bankruptcy Docket refer to the docket in the Chapter 11 Cases.

[5] A copy of the Settlement Agreement is attached to the motion seeking its approval in the Chapter 11 Cases. See Bankruptcy Docket No. 223, Ex. A, Ex. 1.

[6] Halcyon Capital Management LP3 was a Zohar III noteholder and, on information and belief, the predecessor to Bardin Hill Investment Partners LP ("Bardin Hill"). Subsequent to the Settlement Agreement, Rabobank U.A. sold all of its Zohar III A-1 notes. See Hoff Decl. Ex. 3 (Bankruptcy Docket No. 635) (Amended Verified Statement Pursuant to Fed. R. Bankr. P. 2019(a)).

Farnan, Jr.[7] as the Debtors' Independent Director (the "Independent Director"), Michael Katzenstein[8] as the Debtors' Chief Restructuring Officer (the "CRO"), and Mr. Robert S. Kost as the Debtors' Chief Monetization Officer (the "CMO");[9] and (2) an obligation for Ms. Tilton to work jointly with the CRO and Independent Director for the monetization of the Portfolio Companies through sales or refinancings until the Debtors' senior creditors, including MBIA, received their Paid in Full amounts to which the parties stipulated under the Settlement Agreement (the "Monetization Process").

6. The Settlement Agreement also provided for a litigation stay period of either 15 or 18 months, subject to satisfaction of certain monetization targets (defined respectively in the Settlement Agreement as the "15 Month Window" and the "18 Month Extended Window"). If the Secured Creditors (defined below) had received at least 50% of their agreed upon Paid in Full amounts before the close of the 15 Month Window — defined as 15 months from the effective date of the Settlement Agreement — that window would have been extended by an additional 3 months. See Bankruptcy Docket No. 223, Ex. A at 1 (definitions of "15 Month Window" and "18 Month Extended Window"); see also id. ¶ 29.

7. The Settlement Agreement was approved by Order of the Bankruptcy Court dated as of May 21, 2018. See Bankruptcy Docket No. 266.

8. On August 7, 2019, in anticipation of the impending expiration of the 15 Month Window due to the failure to satisfy the monetization targets contemplated in the Settlement Agreement, the Debtors filed the *Motion of the Debtors for Entry of an Order*

---

[7] See Hoff Decl. Ex. 4 (Bankruptcy Docket No. 267).

[8] See Hoff Decl. Ex. 5 (Bankruptcy Docket No. 297).

[9] See Hoff Decl. Ex. 6 (Bankruptcy Docket No. 298).

*(A) Implementing the Terms of the Settlement Agreement and (B) Resolving Dispute over Monetization Process Pursuant to Paragraph 11 of the Settlement Agreement* [Bankruptcy Docket No. 938] (the "Monetization Process Motion").  Pursuant thereto, the Debtors sought an order from the Bankruptcy Court affirming the continuation of the Monetization Process after the expiration of the 15 Month Window, in accordance with the Settlement Agreement, until (i) it is terminated by mutual agreement or (ii) the Full Payment Date is achieved.  Appellants objected to the Monetization Process Motion.  See Bankruptcy Docket Nos. 943, 951.

9. On September 20, 2019, MBIA and Bardin Hill, the largest secured creditor for Zohar III (together, the "Secured Creditors"), filed a *Statement in Support of Debtors' Monetization Process Motion* [Bankruptcy Docket No. 946] (the "Statement in Support").

10. After notice and a contested hearing, the Bankruptcy Court granted the Monetization Process Motion by Order dated September 27, 2019 (the "Monetization Process Order").  See Bankruptcy Docket No. 974.  The Court ordered that "[t]he Monetization Process for all Group A Portfolio Companies shall continue until terminated by mutual written agreement of the parties to the Settlement Agreement, such agreement to be granted or withheld in their respective sole discretion, or until the Full Payment Date."  Monetization Process Order at ¶ 2.

11. On stipulation by the parties, the Court ordered that the 15 Month Window was extended through and including the date that is one day after the conclusion of the hearing on the Debtors' Monetization Process Motion.  See Bankruptcy Docket No. 871.  Thus, the 15 Month Window expired on September 30, 2019.

C. The Appeal

12. On October 4, 2019, Tilton and the other Appellants appealed from the Monetization Process Order.  See Bankruptcy Docket No. 984.

13. On October 15, 2019, Appellants filed a motion to stay the Monetization Process Order pending the outcome of their Appeal (the "Motion for Stay"). See Appeal Docket No. 4.[10] By Order dated October 21, 2019, this Court set October 29, 2019 as appellees' deadline to file a response to the Motion for Stay and November 5, 2019 as Appellants' deadline to file any reply thereto (the "Scheduling Order"). See Appeal Docket No. 16.

## RELIEF REQUESTED

14. By this Motion, MBIA seeks entry of an Order granting it leave to intervene in this Appeal with full participation rights as an appellee. In that regard, attached hereto as Exhibit A is *Proposed Intervenor and Appellee MBIA Insurance Corporation's Joinder to Debtors-Appellees' Objection to Appellants' Motion for a Stay Pending Appeal of the Bankruptcy Court's Order*, which MBIA is simultaneously filing with this Motion (both as an exhibit hereto and as a standalone docket entry) in compliance with the Scheduling Order.

## BASIS FOR RELIEF

15. "The Bankruptcy Code [] permits a creditor to intervene in a pending appeal." In re Constellation Enterprises LLC, 587 B.R. 275, 285 (D. Del. 2018) (citing Bankruptcy Rule 8013(g)). Bankruptcy Rule 8013(g) provides:

> Unless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or BAP must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate.

---

[10] References to the Appeal Docket shall refer to the docket in this Appeal.

Fed. R. Bankr. P. 8013(g).

16. In determining whether to grant a creditor's motion to intervene in a pending appeal, the United States District Court for the District of Delaware has considered whether the intervening creditor (1) "has a strong interest regarding the issues" on appeal and (2) "actively participated in litigation" before the Bankruptcy Court regarding the issues appealed. See In re Samson Res. Corp., No. 15-11934-BLS, 2018 WL 4658212, at *1 (D. Del. Sept. 27, 2018), aff'd, No. 18-3438, 2019 WL 4898473 (3d Cir. Oct. 4, 2019).

17. Although MBIA was not a moving party on the Monetization Process Motion, MBIA meets the standard for intervention. MBIA has a strong — indeed, perhaps the strongest — interest in this Appeal. MBIA is the Debtors' single largest secured creditor funding the Chapter 11 Cases and is owed in excess of $1 billion dollars from the Debtors as agreed in the Settlement Agreement. The Monetization Process agreed to under the Settlement Agreement, which is the subject of this Appeal, is the mechanism by which MBIA is to be repaid on account of its claim against the Debtors. Accordingly, MBIA has a significant interest in this Appeal because MBIA would be prejudiced by any delay or disruption that would impede the continuance of the Monetization Process and the Monetization Process Order's directive that Tilton must work jointly with the Debtors' CRO and Independent Director to monetize the Portfolio Companies for MBIA's, among other parties', benefit.

18. Additionally, MBIA was an active participant in the Court-ordered mediation and related negotiations, which culminated in the Settlement Agreement (to which MBIA is also a party). MBIA also participated in the subsequent litigation in the Bankruptcy Court on the Monetization Process Motion by filing the Statement in Support thereof. Accordingly, MBIA actively participated in the litigation that gave rise to the Settlement Agreement, as well as the subsequent disputes arising under that agreement, including Tilton's

assertion that, notwithstanding her failure to satisfy the agreed upon monetization targets by the expiration of the 15 Month Window, she no longer is required to jointly monetize the Portfolio Companies.

19. MBIA did not intervene at the Bankruptcy Court level because, as a party in interest in the Chapter 11 Cases, it was not required to do so to be heard with respect to Monetization Process Motion. See 11 U.S.C. § 1109(b) ("**A party in interest, including** the debtor, the trustee, a creditors' committee, an equity security holders' committee, **a creditor**, an equity security holder, or any indenture trustee, may raise and **may appear and be heard on any issue in a case under this chapter**.") (emphasis added).

20. Finally, MBIA's participation in this Appeal as an *amicus curiae* would be inadequate. "An amicus is not a party to the litigation, but participates only to assist the court." Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 550 B.R. 241, 256 (Bankr. S.D.N.Y. 2016) (quoting United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)). "'The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties.'" Madoff, 550 B.R. 241 at 256 (quoting Auto. Club of N. Y., Inc. v. The Port Auth. of N.Y. and N. J., Case No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011)). Here, MBIA is a party in the cases underlying the Appeal in that its legal rights will be directly and pecuniarily impacted by its outcome and is not a mere bystander with information that might aid the Court. Accordingly, the Court should grant the Motion and permit MBIA to intervene in this Appeal with full participation rights as an appellee.

## NOTICE

21. Notice of this Motion has been provided to all parties to this Appeal.

USActive 54248704.13
DOCS_DE:226037.1 53730/001

## **NO PRIOR APPLICATION**

22. No previous application for the relief sought herein has been made to this or to any other court.

## **CONCLUSION**

**WHEREFORE**, MBIA respectfully requests that the Court grant the Motion and grant such other and further relief as the Court deems just and proper.

Wilmington, Delaware
October 29, 2019

                        PACHULSKI STANG ZIEHL & JONES LLP

                        */s/ Laura Davis Jones*
                        Laura Davis Jones (Bar No. 2436)
                        Timothy P. Cairns (Bar No. 4228)
                        919 N. Market Street, 17th Floor
                        P.O. Box 8705
                        Wilmington, DE 19899-8705 (Courier 19801)
                        Telephone: (302) 652-4100
                        Facsimile: (302) 652-4400
                        Email:   ljones@pszjlaw.com
                                  tcairns@pszjlaw.com
                        and

                        CADWALADER, WICKERSHAM & TAFT LLP
                        Gregory Petrick
                        Jonathan M. Hoff
                        Ingrid Bagby
                        Michele Maman
                        200 Liberty Street
                        New York, NY 10281
                        Telephone: (212) 504-6000
                        Facsimile: (212) 504-6666
                        Email: gregory.petrick@cwt.com
                                    jonathan.hoff@cwt.com
                                    ingrid.bagby@cwt.com
                                    michele.maman@cwt.com

                        *Counsel to MBIA Insurance Corporation*